## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| DONNA MCKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:15-cv-000358-RL-SLC |
| | ) |
| WAL-MART STORES EAST LP, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Defendant Wal-Mart Stores East LP ("Wal-Mart"), asking that the Court dismiss Plaintiff Donna McKee's complaint as a sanction under Federal Rule of Civil Procedure 37(b). (DE 24). This motion was referred to the undersigned Magistrate Judge on January 27, 2017, by District Judge Rudy Lozano for a Report and Recommendation. (DE 28). The motion is now ripe for ruling. (DE 30, DE 33).

Having reviewed the record and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and Local Rule 72-1, the undersigned Magistrate Judge recommends that Wal-Mart's motion to dismiss be DENIED, but that a lesser sanction in the form of a monetary penalty be imposed. This Report and Recommendation is based on the following facts and principles of law.

### A. *Factual and Procedural Background*

McKee filed a state court complaint against Wal-Mart on October 23, 2015, alleging that she suffered personal injury due to Wal-Mart's negligence when a heavy box fell on her while she was shopping on Wal-Mart's premises. (DE 5). Wal-Mart served McKee with interrogatories and requests for production on November 18, 2015. (DE 19 ¶ 1; DE 19-1). Wal-

Mart removed the case here on November 25, 2015. (DE 1; DE 8). The Court conducted a preliminary pretrial conference on February 2, 2016, setting the following deadlines: June 6, 2016, for McKee's expert-witness disclosures; July 25, 2016, for Wal-Mart's expert-witness disclosures; and October 17, 2016, for the completion of all discovery. (DE 12; DE 14).

In late April 2016, McKee provided answers to Wal-Mart's interrogatories. (DE 19 ¶ 1).

On June 7, 2016, Attorney Craig Persinger, McKee's counsel, informed Wal-Mart's counsel at McKee's deposition that McKee had brought him a large box of documents earlier in the week that he had not yet had an opportunity to review. (DE 19 ¶ 2). Consequently, the deposition was adjourned to give Attorney Persinger time to review and produce those documents to Wal-Mart, as well as to obtain records of other medical treatment to which McKee testified. (DE 19 ¶ 2).

On July 25, 2016, the parties filed a joint motion to extend discovery to January 23, 2017, and to extend the deadlines for expert-witness disclosures to September 6, 2016, for McKee, and to October 21, 2016, for Wal-Mart. (DE 17; DE 19 ¶ 3). The Court granted the motion. (DE 18).

On October 14, 2016, Wal-Mart filed a motion to compel. (DE 19). In the motion, Wal-Mart stated that its counsel had sent communications to Attorney Persinger on several occasions after the June 7th deposition, but that Persinger failed to respond. (DE 19 ¶¶ 5, 6; DE 19-2 to DE 19-8). Wal-Mart also stated that it had not yet received the anticipated additional documents from McKee. (DE 19 ¶ 6).

On October 20, 2016, Wal-Mart filed a motion seeking suspension of its deadline for expert-witness disclosures due to its pending motion to compel and because McKee had neither

disclosed expert witnesses nor sought relief from her own deadline for expert-witness disclosures. (DE 21 ¶¶ 3, 4). Wal-Mart stated that it could not make an informed decision about whether to retain a physician and conduct an independent medical examination until it received McKee's discovery responses and completed her deposition. (DE 21 ¶ 5).

McKee did not file a response to Wal-Mart's motion to compel or its motion to suspend the deadline for expert-witness disclosures. On November 17, 2016, the Court held a hearing on these two motions, at which counsel appeared telephonically. (DE 23). The Court granted both motions and ordered McKee to produce the outstanding discovery documents by December 19, 2016. (DE 23). The Court set a telephonic status conference for January 9, 2017, stating that it would reset the deadlines for expert-witness disclosures at that time. (DE 23).

On January 5, 2017, Wal-Mart filed the instant one-page motion to dismiss, seeking the dismissal of this case as a sanction due to McKee's failure to comply with this Court's Order to produce the outstanding discovery responses by December 19, 2016. (DE 24).

Attorney Persinger failed to appear at the January 9th conference. (DE 25). The Court set the matter over to January 23, 2017, for a status conference and a show-cause hearing, directing Persinger to appear in person. (DE 25). The Court also issued a Notice and Order, directing Persinger to show cause why he should not be sanctioned for his failure to appear. (DE 26).

Attorney Persinger appeared in person at the January 23rd hearing, and the Court heard his reasons for his failure to appear at the January 9th conference. (DE 27). The Court ordered McKee to produce the outstanding discovery documents to Wal-Mart by February 10, 2017. (DE 27). The Court also afforded McKee leave to file a response to Wal-Mart's motion to

3

dismiss by February 10, 2017.  (DE 27; DE 29).

On February 10, 2017, McKee filed a response to the motion to dismiss and sent additional responsive documents to Wal-Mart.  (DE 30).  On March 3, 2017, Wal-Mart filed its reply brief.  (DE 33).

### B.  *Applicable Legal Standard*

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part . . . ."  Fed. R. Civ. P. 37(b)(2)(A).  "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part."  *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).  That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all."  *Id.* (citations omitted).  "[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery."  *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

When a court enters a dismissal as a discovery sanction, "the court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault."  *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001) (citations omitted); *see also Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).  The Seventh Circuit Court of Appeals has cautioned that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort."  *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003) (citation omitted).

## C. Analysis

Wal-Mart requests that this case be dismissed as a sanction under Rule 37(b) for McKee's failure to comply with this Court's orders concerning discovery. (DE 24). More particularly, Wal-Mart argues that the harsh sanction of dismissal is warranted because McKee, through Attorney Persinger, ignored the Court's Order to produce the outstanding discovery documents by December 19, 2016, and failed to appear at the January 9, 2017, hearing. Wal-Mart also asserts that McKee failed to comply with Rule 16(b) deadlines, such as the deadlines for expert-witness disclosures, or seek relief from those deadlines. Additionally, Wal-Mart argues that McKee took more than eight months to comply with its discovery request and produce additional documents, and that even when she did, her document production is still deficient in several ways. (DE 33 at 3-4).

In response, McKee acknowledges her missteps in the discovery process. She urges, however, that the draconian sanction of dismissal is inappropriate because "this was not a situation where there was an obstinate failure to provide discovery responses." (DE 30 at 1). Rather, she emphasizes that she did produce answers to Wal-Mart's interrogatories in April 2016 prior to it filing the motion to compel, and that she did produce additional medical records on February 10, 2017, as the Court ordered on January 23, 2017. (DE 30 at 1). McKee cites some difficulties between her and her counsel as the reason for her delay, stating that they could not agree on an appropriate form for producing the requested documentation. (DE 30 at 1).

A sanction for discovery abuse must be "a proportionate response to the circumstances." *Watkins v. Nielsen*, 405 F. App'x 42, 44 (7th Cir. 2010) (citations omitted). Here, McKee eventually did respond to Wal-Mart's discovery requests, though that production may still need

to be supplemented in certain respects. Attorney Pierson also appeared in person at the January 23rd show-cause hearing as ordered by the Court on January 9, 2017. Additionally, McKee filed her response to the motion to dismiss and produced additional documents by February 10, 2017, as ordered by the Court on January 23, 2017. As such, the draconian sanction of dismissal is not presently warranted here.

Moreover, because of the harsh nature of the sanction of dismissal, it is most prudent not to dismiss a case unless the non-complying party has been sufficiently warned that further intransigence warrants dismissal. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). To date, McKee has not received such a warning from this Court.

Rather, the present circumstances warrant the imposition of lesser sanctions in the form of a monetary penalty—that is, ordering McKee and Attorney Persinger to pay the reasonable expenses, including attorney's fees, that Wal-Mart incurred in filing the motion to compel and the motion to dismiss. *See* Fed. R. Civ. P. 37(b)(2)(C). The undersigned Magistrate Judge has no reason, at least at this juncture, to conclude that the imposition of this monetary penalty would be fruitless. *See id.* at 46 (stating that the court should first explore the effectiveness of lesser sanctions before imposing the harsh penalty of dismissal).

Therefore, it will be recommended that Wal-Mart's motion to dismiss this suit as a sanction under Rule 37(b) be denied, but that McKee and Attorney Persinger be ordered to pay the reasonable expenses, including attorney's fees, that Wal-Mart incurred in filing the motion to compel and the motion to dismiss, pending Wal-Mart's submission of a supporting affidavit. McKee and Attorney Persinger should be warned that any additional discovery transgressions may result in further sanctions against them, up to and including dismissal of this action.

### *D. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Wal-Mart's Motion to Dismiss (DE 24) be DENIED, but that McKee and Attorney Persinger: (1) be ORDERED to pay the reasonable expenses, including attorney's fees, that Wal-Mart incurred in filing the motion to compel (DE 19) and the motion to dismiss (DE 24), pending Wal-Mart's submission of a supporting affidavit; and (2) be duly WARNED that any additional discovery transgressions may result in sanctions, <u>up to and including dismissal of this case</u>.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

The undersigned Magistrate Judge SETS this case for a status conference on March 31, 2017, at 11:00 a.m. Counsel are to appear in person.

SO ORDERED.

Entered this 22nd day of March 2017.

<u>/s/ Susan Collins</u><br>
Susan Collins,<br>
United States Magistrate Judge

7