UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONNA MCKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-CV-358 |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment filed by Defendant Wal-Mart Stores East, LP, on August 21, 2018 (ECF 65). Plaintiff Donna McKee filed a response in opposition to the motion on December 13, 2018 (ECF 79) and Wal-Mart filed a reply on December 20 (ECF 82).[1] For the reasons explained below, the motion is DENIED.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-

---

[1] Also pending as of the date this order was entered was a Joint Motion for Extension of Time to Complete Discovery (ECF 84), which is scheduled for hearing on February 12, 2019, before Magistrate Judge Susan Collins (to whom this case is on partial referral pursuant to 28 U.S.C. § 636).

moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). However, if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003).

**DISCUSSION**

Donna McKee filed this personal injury suit against Wal-Mart in state court and Wal-Mart removed it to this Court on the basis of diversity jurisdiction. *See* Notice of Removal (ECF 1); Complaint (ECF 5). The facts giving rise to this lawsuit are straightforward and mostly undisputed. McKee alleges that the incident unfolded as follows:

> This matter arises out of an incident that occurred on October 24, 2013, when the Plaintiff, Donna McKee . . . , was at the Marion, Indiana Wal-Mart to purchase a small sewing machine that weighed approximately 4 pounds[.]
>
> When Mrs. McKee arrived at the particular aisle where the sewing machines were

displayed, she saw that netting was erected by Wal-Mart employees to prevent
shoppers from entering the aisle due to the fact that Wal-Mart employees had been
mopping or cleaning the aisle. . . . Mrs. McKee had a shopping cart with her. . . .
She also noticed that there were two men working in the aisle on the other side of
the netting. . . . She then asked one of the Wal-Mart employees if he could hand
her the small sewing machine that she wanted, which he agreed to do. . . . She
specifically told the employee which machine she wanted. . . . When the employee
retrieved the box, Mrs. McKee noticed that the box was larger than the box that
she believed she wanted, and assumed that the manufacturer may have changed
the packaging. . . . Unbeknownst to Mrs. McKee, the Wal-Mart employee
retrieved the wrong machine. . . . The Wal-Mart employee retrieved a
computerized quilting machine instead of the sewing machine that Mrs. McKee
asked him to retrieve. . . . The machine that the employee retrieved weighed 14 to
15 pounds more than machine that Mrs. McKee wanted. . . . The Wal-Mart
employee then asked Mrs. McKee if he could hand the box to her over the netting
that blocked the aisle and she agreed, not anticipating that it would weigh more
than she expected. . . . Mrs. McKee had to reach up over the netting and above her
head to retrieve the box from the employee. . . . When the employee asked Mrs.
McKee if she had the box he was handing to her, she said yes because she did not
know it was the wrong machine or that it weighed as much as it did. . . . She was
not able to handle the box due to its weight, and it fell toward her, striking her
mouth and face, and knocking her backwards causing injuries[.] . . . The Wal-
Mart employee told Mrs. McKee that a stock person had put the computerized
quilting machine in the wrong place. . . . Mrs. McKee opines that the machine that
was handed to her should have been placed directly in her cart due its weight. . . .

Plaintiff's Response Brief (ECF 81), pp. 1-2 (citations to McKee deposition and

discovery responses omitted).[2] Wal-Mart's slightly more concise recitation of the facts is as

follows:

On October 24, 2013, Plaintiff arrived at the Marion Walmart at approximately
2:00 AM to purchase a sewing machine. . . . She had not researched sewing
machines before going to the store and did not have a particular make and model
of sewing machine in mind that she wanted to purchase. . . .

---

[2] McKee also makes the following assertions in her brief: "According to Wal-Mart, none
of its surveillance video cameras captured the Incident. According to Mrs. McKee, there was a
video capturing the Incident, it was rewound and reviewed by a Wal-Mart manager, and he
informed her that she did nothing wrong." Response Brief, p. 2. The dispute about a videotape is
not material to the motion for summary judgment and the Court did not consider the alleged
(hearsay) statement by a Wal-Mart manager.

3

> When Plaintiff arrived at the sewing machine aisle, there was netting up because Walmart employees were cleaning and mopping. . . . This netting prevented Plaintiff from going into the aisle. . . . At the same time there were two Walmart employees behind the netting. . . .
>
> Plaintiff pointed out the box containing the item that she wanted and asked one of the Walmart employees to hand it to her and the Walmart employee retrieved it from the shelves. . . . The Walmart employee asked if Plaintiff was okay with him handing her the box, and the Plaintiff said that was fine. . . . The Walmart employee then brought the box over to the Plaintiff, who was standing behind the netting, and asked if she was ready for him to hand it to her, which, after she placed her hands on the box, she said she was. . . . When the Walmart employee released box, it struck Plaintiff in the face as it was heavier than she anticipated.

Wal-Mart's Brief in Support (ECF 66), pp. 1-2 (citations to McKee deposition omitted).

These factual recitations reveal little dispute, if any, about the mechanics behind the incident giving rise to McKee's personal injury claim. That is, there is no dispute that she asked a Wal-Mart employee to retrieve a boxed product from a shelf, that he did so and handed it to her, and that she was unable to handle it and sustained injuries when she tried to take the box from the employee and place it into her cart.[3] There is no dispute that the employee asked McKee if he could hand the box to her and that she said yes (or otherwise indicated that it was "fine" for him to do so). And there is no dispute that the box was heavier than McKee anticipated.

Under Indiana law, "[t]o prevail on a claim of negligence, a plaintiff must show: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Certa v. Steak 'n Shake Operations Inc.*, 102 N.E.3d 336, 339 (Ind.Ct.App.), *transfer denied sub nom. Certa v. Allstate Prop. & Cas. Ins. Co.*,

---

[3] McKee's alleged injuries are a hotly contested issue and as stated in footnote one above, a discovery dispute related to that issue is ongoing and scheduled for hearing before Magistrate Judge Collins. That dispute, though, is not relevant to the motion for summary judgment.

4

111 N.E.3d 196 (Ind. 2018) (citing *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 19 (Ind.Ct.App. 2015)). "Absent a duty, there can be no negligence or liability based upon a breach." *Id*. (citing *Powell v. Stuber*, 89 N.E.3d 430, 433 (Ind.Ct.App. 2017)). "Whether a duty exists is a question of law for the courts to decide." *Id*. (citing *Podemski v. Praxair, Inc.*, 87 N.E.3d 540, 547 (Ind.Ct.App. 2017)). Indiana law also provides that "'[a] duty, when found to exist, is the duty to exercise reasonable care under the circumstances.'" *Buddy & Pals III, Inc. v. Falaschetti*, — N.E.3d — , 2019 WL 255392, at *2 (Ind.Ct.App. Jan. 18, 2019) (quoting *Stump v. Indiana Equip. Co.*, 601 N.E.2d 398, 402 (Ind.Ct.App. 1992), *trans. denied* (1993)).

Wal-Mart does not contest that it owed a duty to McKee,[4] just as it does to all of its customers, but insists that she fails to make a showing of any breach of that duty–or even raise a fact issue about it. The company insists that McKee asked the employee to retrieve a box for her and that he tried to ensure that she was able to handle it before handing it to her, and thus he was not negligent. And it is true that under Indiana law "[n]egligence cannot be inferred from the mere fact of an accident. . . . Rather, all the elements of negligence must be supported by specific facts designated to the trial court or reasonable inferences that might be drawn from those facts. . . . An inference is not reasonable when it rests on no more than speculation or conjecture." *Denson v. Estate of Dillard*, — N.E.3d —, 2018 WL 6615595, at *3 (Ind.Ct.App. Dec. 18, 2018) (citing *Pelak v. Ind. Indus. Servs., Inc.*, 831 N.E.2d 765, 769 (Ind.Ct.App. 2005), *trans. denied* (2006)). This is what Wal-Mart's argument boils down to–the company argues that its employee did not breach the duty of care owed to McKee and that this incident was simply an unfortunate

---

[4] "Walmart is not disputing that it owed a duty of reasonable care to the Plaintiff." Brief in Support, p. 3.

accident (or was even caused by McKee's own carelessness). "Although the question of breach is usually one for the trier of fact, *Cox v. Paul*, 828 N.E.2d 907, 911 (Ind. 2005), where the relevant facts are undisputed and lead to but a single inference or conclusion, the court as a matter of law may determine whether a breach of duty has occurred." *Denson*, 2018 WL 6615595 at *3 (citing *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003)). "When considering breach of the duty of care, we always begin with the 'venerable legal concept of the 'reasonable person.'" *Id*. at *4 (quoting *Key v. Hamilton*, 963 N.E.2d 573, 579 (Ind. Ct. App. 2012)), *trans. denied*. "It is well settled that to avoid being negligent, an actor must conform his conduct to that of a reasonable person under like circumstances." *Id*. (citing Restatement (Second) of Torts § 283 (1965)). But it is equally well settled law that "[b]reach of duty usually involves an evaluation of reasonableness and thus is usually a question to be determined by the finder of fact in negligence cases." *Wooten v. Caesars Riverboat Casino, LLC*, 63 N.E.3d 1069, 1074 (Ind.Ct.App. 2016). For this reason, "[s]ummary judgment is generally inappropriate in negligence cases because issues of contributory negligence, causation, and reasonable care are fact sensitive and more appropriately left for the trier of fact." *Coffman v. PSI Energy, Inc.*, 815 N.E.2d 522, 527 (Ind.Ct.App. 2004). Finally, "[i]f any reasonable jury would conclude that a specific standard of care was or was not breached, the question of breach becomes a question of law for the court." *Walters v. JS Aviation, Inc.*, 81 N.E.3d 1160, 1163 (Ind.Ct.App.), *transfer denied*, 95 N.E.3d 77 (Ind. 2017) (quoting *Cox v. Paul*, 828 N.E.2d at 911); *see also*, *D.H. by A.M.J. v. Whipple*, 103 N.E.3d 1119, 1132 (Ind.Ct.App. 2018), *reh'g denied* (Aug. 6, 2018), *transfer denied sub nom. D.H. v. Whipple*, 2018 WL 6719416 (Ind. Dec. 13, 2018) (same). Wal-Mart argues that its employee's actions under the circumstances show conclusively (and as a matter of law) that his conduct was reasonable and

therefore no duty was breached. Accordingly, argues Wal-Mart, McKee fails to establish one of the elements of her negligence claim and the company is entitled to summary judgment.

McKee responds to Wal-Mart's position by arguing that "the Wal-Mart employee took it upon himself to assist a customer with a specific need and upon taking that responsibility, he had a duty [to] fulfil it, to see it through, with reasonable care." Plaintiff's Response, p. 6. McKee insists that a jury could conclude that the employee should have realized that the box he retrieved was the wrong one and "that by failing to obtain the correct machine, and retrieving a machine that weighed nearly five times [more than] the machine that Mrs. McKee had asked for, the Wal-Mart employee failed to exercise reasonable care." *Id*. McKee opines that the employee could have and should have brought the box around the netting to her cart rather than handing it to her over the netting. *Id*.

Having reviewed the briefs and designated evidence, this Court cannot determine as a matter of law that Wal-Mart did *not* breach its duty of care and summary judgment is inappropriate for that fundamental reason. The genuine material issue in this case that requires a jury's determination is the reasonableness of the Wal-Mart employee's action. Simply stated, was it reasonable under the circumstances for the employee to hand the box to McKee as he did or was he negligent in not placing the item in her cart or otherwise ensuring she was physically capable of handling it? Only a jury can answer that ultimate question (and determine damages, if applicable) after assessing all of the evidence of the circumstances of the incident and making relevant credibility determinations.

## CONCLUSION

For the reasons discussed above, the motion for summary judgment filed by Defendant Wal-Mart Stores East, LP, (ECF 65) is DENIED.

Date: February 8, 2019.

    /s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana